**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CAASTLE, INC., Debtor. | Case No. 25-11187-BLS |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Plaintiff, | Hearing Date: September 30, 2026, 11:00 a.m. |
| | Objection Deadline: September 23, 2026, 4:00 p.m. |
| v. | Adv. Pro. No. 26-50225-BLS |
| CHRISTINE HUNSICKER, JASWINDER PAL SINGH, SCOTT CALLON, GEORGIY GOLDENBERG a/k/a GEORGE GOLDENBERG, JOHN HENNESSY, CHIRAG JAIN, DAYNA CORLITO, LORI HOBERMAN, HOBERMAN LAW GROUP PLLC, Defendants. | **Re: Docket No. 241** |

**OBJECTION AND RESERVATION OF RIGHTS OF INVESTOR GROUP TO CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

GB Members LLC and the other members of the investor group (the "Investor Group"),[1] respectfully submit this objection and reservation of rights (the "Investor Group Objection") to the

[1] The following individuals or entities are members of the Investor Group: GB Members LLC, Alan Aaron; Alpine Members LLC; Ananda OM LLC; Ananta-OM Foundation LLC; Andrew E. (Trey) Beck III; Cedomir Crnkovich; Delta Master II, L.P.; Dive Members LLC; Flying Ventures LLC; K. David Isaacs; Yale Isaacs; Vijay Jayant; KCP Capital, Ltd.; Knafel Family Foundation; Kubera Venture Capital Fund I, L.P; Sanjay Motwani; Krzysztof Nyzio; Prospect Innovations L.P. – Fund Series 2; Rockstream Members LLC; Valerie Rubsamen; SA 1107 LLC; Deepak (Dan) Shamdasani; Shanti Family Trust LLC; Shanti Family Trust Exempt LLC; Shanti Family Trust Non Exempt LLC; David Silver; Sobesha Limited; Sretno LLC; Londa Weisman; Whire Members LLC; Malcolm D. Winter; 2011 William Scherlis Family Irrevocable Trust; and The 734 Trust.

*Chapter 7 Trustee's Motion for Approval of Settlement Agreement By and Between George L. Miller, Chapter 7 Trustee, and John Hennessy, Georgiy Goldenberg, Jaswinder Pal Singh, Scott Callon, and Dayna Corlito* [Docket No. 241] (the "Motion"). In support hereof, the Investor Group states:

**BACKGROUND**

1. The members of the Investor Group are all CaaStle shareholders who were defrauded in connection with their investments in CaaStle and are plaintiffs in an action filed in the United States District Court for the Southern District of New York against Christine Hunsicker, Jaswinder Pal Singh, George Goldenberg, Chirag Jain, Scott Callon, and John Hennessy (each of whom is also a defendant in the Trustee's action), which asserts claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, common law fraud, aiding and abetting fraud, civil conspiracy, negligent misrepresentation, and aiding and abetting negligent misrepresentation. *See Aaron et al. v. Hunsicker et al.*, No. 26-cv-00614 (S.D.N.Y.) (the "*Aaron* Action").[2]

2. The Trustee's proposed settlement purports to settle and release the Trustee's claims on behalf of the Debtor's estate against the defendant parties, but it has no effect, and does not settle, release, or resolve the direct claims brought by the Investor Group in the pending action identified above. Those direct claims belong to members of the Investor Group and are not the Trustee's property to compromise or settle. Under the circumstances, given that the Investor Group's claims belong to the investors and are not being settled or released, the Investor Group submits that the

[2] Additionally, counsel for the Investor Group is representing another group of investors in CaaStle who invested through Cava Capital SPV XVI A, LLC, a special purpose vehicle formed for the purpose of making investments in CaaStle. *See The Karen D. Barney Revocable Trust et al. v. Cava Capital, LLC et al.*, No. 26-cv-03374 (S.D.N.Y.) (the "*Barney* Action"). The plaintiffs in the *Barney* Action have asserted claims against the defendant parties for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, common law fraud, aiding and abetting fraud, civil conspiracy, negligent misrepresentation, and aiding and abetting negligent misrepresentation.

Court should not approve the settlement unless it is made clear that the Investor Group's direct claims are not being resolved, settled, or otherwise released by the agreement.

3. The Trustee, in the exercise of his judgment, has decided to resolve the claims for the amounts stated. This Objection is not directed at the amount of the settlement, so long as it is clear and unambiguous that the Investor Group's direct claims are not adversely affected by the Trustee's settlement. To the extent that the settlement is found to address, settle, resolve, release, or otherwise adversely affect the Investor Group's direct claims, the members of the Investor Group are prepared to object to the settlement in its entirety, and reserve their right to supplement this Investor Group Objection in the event of any issue regarding the effect of the settlement on their direct claims.

4. As the Court is aware, the Investor Group has consistently sought to protect and enforce its rights to pursue its direct claims during the pendency of these proceedings. On September 18, 2025, the Trustee commenced an adversary proceeding, and filed a Verified Complaint for Declaratory and Injunctive Relief naming as defendants KSV CaaStle Holdings L.P., KSV CaaStle Holdings II L.P., and P180, Inc. *See* Adv. Pro. No. 25-52349-BLS, Docket No. 1. Also on September 18, 2025, the Trustee filed a Motion for Injunctive Relief under Sections 105(a) and 362(a) of the Bankruptcy Code and for a Preliminary Injunction under Rule 7065 of the Federal Rules of Bankruptcy Procedure, naming the same defendants as those named in the complaint. *See id.*, Docket No. 3.

5. The aforementioned motion referenced earlier request for documents made by GB Members LLC and other investors, and appeared to seek an injunction that would enjoin the filing of any direct claims by GB Members LLC, any of the other Investor Group members, or any other CaaStle investor.

6. In response to the motion, the Investor Group filed a Reservation of Rights/Objection to the motion to preserve its rights and oppose entry of any relief barring the members of the Investor

Group from asserting these claims. *See id.*, Docket No. 6. As the Investor Group explained, the direct claims that its members intended to assert arise from harms suffered directly by individual shareholders, for which they, and not the estate, have the right to recover. *See id.*, Docket No. 6 at 4. The Investor Group's direct claims did not, and do not, threaten the property of the estate, nor do they threaten this Court's jurisdiction over CaaStle's bankruptcy proceedings. *Id.*, Docket No. 6 at 6. In an effort to reach a compromise, the Investor Group offered alternatives to a blanket injunction against direct claims by shareholders, including agreeing to a stay for a reasonable period of time, provided the Investor Group was first permitted to file its action to avoid the running of any applicable statutes of limitations. *Id.*, Docket No. 6 at 5.

7. Ultimately, the Investor Group and the Trustee agreed to resolve the Investor Group's Reservation of Rights/Objection by entering into a stipulation (the "First Stipulation"). *See id.*, Docket No. 30. Under the terms of the First Stipulation, the Investor Group was permitted to commence the *Aaron* Action and *Barney* Action, provided that those actions would be stayed for a period of "at least six months" following their commencement. *See id.* The Court entered an order approving the First Stipulation in its entirety on November 20, 2025. *See id.*, Docket No. 31.

8. Members of the Investor Group filed the *Aaron* Action on January 22, 2026. *See Aaron* Action, Docket No. 1.[3]

9. The Trustee commenced this adversary proceeding on March 27, 2026, filing a complaint against Christine Hunsicker, Jaswinder Pal Singh, Scott Callon, George Goldenberg, John Hennessy, Chirag Jain, Dayna Corlito, Lori Hoberman, and Hoberman Law Group PLLC. Docket No. 1.

10. The Investor Group subsequently entered into a second stipulation with the Trustee, under which the parties agreed to a lifting of the stays in the *Aaron* Action and *Barney* Action on

[3] The *Barney* Action was filed on April 22, 2026. *See Barney* Action, Docket No. 1.

October 23, 2026, with the plaintiffs in those actions "permitted to take all actions necessary to litigate" the actions beginning on that date (the "Second Stipulation"). *See* Adv. Pro. No. 25-52349-BLS, Docket No. 49. The Court entered an order approving the Second Stipulation in its entirety on August 25, 2026. *See id.*, Docket No. 50.

11. The Trustee filed the Motion on September 9, 2026. *See* Docket No. 241.

**OBJECTION TO MOTION**

12. As currently drafted, Section 5(a) of the Settlement Agreement and Mutual Release (the "Settlement Agreement") purports to provide a broad release of

> any and all claims (including without limitation, any and all claims or causes of action for contribution, indemnity, debts, obligations, attorney's fees, defamation, slander, libel, intentional and/or negligent interference, emotional distress, demands, liabilities, suits, judgments, damages, rights, remedies and causes of action, whatsoever, whether direct or indirect, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, accrued or unaccrued, whether asserted directly, derivatively, or on a representative basis, whenever arising, in law, equity or otherwise), from the beginning of the world through the date of the full execution of this Settlement Agreement, including, without limitation, any and all claims that directly or indirectly concern, involve, arise from, relate to or are based upon: (i) any claims or defenses that were, or could have been, asserted in the Management Action or the Complaint; or (ii) the subject matter of the Complaint (the "Subject Matter").

*See* Docket No. 241.01, 241.02.

13. Section 5(b) of the Settlement Agreement sets forth several carve-outs to this broad purported release, including:

> (i) any claim to enforce a Party's rights or obligations under this Agreement; (ii) any claim by a Management Defendant related to advancement, indemnification or insurance for any proceeding other than the Management Action; (iii) any claims asserted in any of the Redemption Actions against Christine Hunsicker, Jaswinder Pal Singh, or Georgiy Goldenberg, regardless of whether Christine Hunsicker, Jaswinder Pal Singh or Georgiy Goldenberg is expressly named therein as a defendant or has liability in such actions as a John Doe Defendant; (iv) any counterclaims which were asserted in the Singh Redemption Action or the Goldenberg Redemption Action before August 1, 2026; or (v) any claim by the Trustee based on a breach of the representation and warranty set forth in Section 6(b) of this Agreement. Nothing in this Agreement shall prevent the Trustee from objecting to or defending against a claim (whether asserted or unasserted, scheduled

> or unscheduled) of any Management Defendant, Christine Hunsicker, or Chirag Jain, operate as a release of any such objection, or alter or impair the Trustee's rights to file or prosecute such an objection or to defend against any claim.

*See id.*

14. The Settlement Agreement should, but does not, provide a carve-out for direct claims by shareholders, such as those asserted in the *Aaron* Action. Moreover, such a carve-out is not provided in any of the other papers filed by the Trustee along with the Motion, such as the Proposed Order. *See* Docket No. 241.03.

15. To be clear, the Investor Group submits that any release resulting from the Settlement Agreement in its current form does not apply to direct shareholder claims. Such claims are not the property of the estate and are therefore not the Trustee's to release. Moreover, Section 5(c) of the Settlement Agreement makes clear that the Trustee only intends to release the defendants "on behalf of himself, the Company, and the Estate . . . from any and all Released Claims by or on behalf of the Trustee, the Company, or the Estate." The purpose of the Settlement Agreement is to resolve derivative claims asserted on behalf of the Company, which do not overlap with or otherwise affect direct shareholder claims.

16. Nevertheless, out of an abundance of caution, and to foreclose any efforts by the defendants in this adversary proceeding to assert defenses in direct shareholder actions based on the releases in the Settlement Agreement, the Settlement Agreement should not be approved without an explicit carve-out for direct shareholder actions. The breadth of the release in Section 5(a) of the Settlement Agreement, and the absence of an explicit carve-out, leaves open the possibility that the defendants will make such an argument, even if the argument lacks merit based on the terms of the Settlement Agreement.

17. The Investor Group submits that the Court could resolve the concerns of shareholders by inserting the following language in any order approving the Settlement

Agreement: "For the avoidance of doubt, the Released Claims, and any other claims released as a result of the Agreement, do not include any direct claim of any holder of any Claim or Interest."

18. The Settlement Agreement should not be approved without this language.

**RESERVATION OF RIGHTS.**

19. The Investor Group reserves the right to supplement this Objection/Reservation of Rights and to join in the Objections filed by others.

Dated: September 23, 2026
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Melissa M. Hartlipp*
G. David Dean (No. 6403)
Melissa M. Hartlipp (No. 7063)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Email: ddean@coleschotz.com
mhartlipp@coleschotz.com

-and-

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel, Esq.
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (212) 308-5858
Facsimile: (212) 486-0462
Email: eagel@bespc.com

*Counsel for the Investor Group*